UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-78-CAS (KK) | Date | January 19, 2016 |
|---|---|---|---|
| Title | Ray Anthony Butler v. Stu Sherman | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | |
| n/a | n/a | |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely

## I. INTRODUCTION

Petitioner Ray Anthony Butler ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II. BACKGROUND

### A. STATE COURT PROCEEDINGS

On June 18, 1999, in the Superior Court of California for the County of Riverside, Petitioner was convicted of "[p]etty [t]heft with a prior, three strikes" in violation of California Penal Code sections 666 and 667.5. ECF Docket No. ("Dkt.") 1, Pet. at 2[1]. On July 16, 1999, Petitioner was sentenced to a term of twenty-five years to life in

---

[1] The Court refers to the Petition's pages as if Petitioner consecutively numbered them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-78-CAS (KK) | Date | January 19, 2016 |
|---|---|---|---|
| Title | Ray Anthony Butler v. Stu Sherman | | |

prison. Id.

On May 31, 2000[2], Petitioner appealed his conviction. Id. On December 8, 2000, the California Court of Appeal affirmed Petitioner's conviction. Id. at 3.

On December 14, 2000, Petitioner filed his first state habeas petition in the California Court of Appeal. Appellate Courts Case Information, 4th Appellate Division District Division 2, Docket (Register of Actions), http://appellatecases.courtinfo.ca.gov/ search/case/dockets.cfm?dist=42&doc_id=661630&doc_no=E028527. On January 5, 2001, the California Court of Appeal denied the petition. Id.

On January 16, 2001[3], Petitioner filed a petition for review in the California Supreme Court. Dkt. 1 at 3. On March 21, 2001, the California Supreme Court denied the petition. Id.

On September 21, 2006, Petitioner filed his second state habeas petition in the California Court of Appeal. Appellate Courts Case Information, 4th Appellate Division District Division 2, Docket (Register of Actions), http://appellatecases.courtinfo.ca.gov/ search/case/dockets.cfm?dist=42&doc_id=674467&doc_no=E041366. On September 29, 2006, the California Court of Appeal denied the petition. Id.

On July 30, 2007, Petitioner filed his third state habeas petition in the California Court of Appeal. Id. at http://appellatecases.courtinfo.ca.gov/search/case/dockets. cfm?dist=42&doc_id=735732&doc_no=E043673. On August 8, 2007, the California Court of Appeal denied the petition. Id.

---

[2] The Court obtained this date from the California Courts website. Appellate Courts Case Information, 4th Appellate Division District Division 2, Docket (Register of Actions), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42& doc_id=658876&doc_no=E025772.

[3] The Court obtained this date from the California Courts website. Appellate Courts Case Information, Supreme Court, Docket (Register of Actions), http://appellatecases. courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1826171&doc_no=S094492.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-78-CAS (KK) | Date | January 19, 2016 |
|---|---|---|---|
| Title | Ray Anthony Butler v. Stu Sherman | | |

On March 25, 2015, Petitioner filed his fourth state habeas petition in the Superior Court of California for the County of Riverside. Dkt. 1 at 3. On August 4, 2015, the Superior Court of California for the County of Riverside denied the petition. Id. at 4.

On September 11, 2015[4], Petitioner filed his fifth state habeas petition in the California Court of Appeal. Id. On September 17, 2015, the California Court of Appeal denied the petition. Id.; Dkt. 1-1 at 39.

On January 8, 2016[5], Petitioner filed his sixth state habeas petition in the California Supreme Court. Dkt. 1 at 4. On November 18, 2015, the California Supreme Court denied the petition. Id. at 5, 29.

**B.   FEDERAL COURT PROCEEDINGS**

On January 8, 2016[6], Petitioner filed the instant Petition. See Dkt. 1. The Petition raises two claims: (1) "The trial court acted in excess of its Jurisdiction by imposing an unauthorized sentence in violating [P]etitioner's Due Process under the 5th and 14th amendment[s]"; and (2) "The trial counsel committed Ineffective Assistance of counsel violating [P]etioner's 6th and 8th amendment Right[s]." Id. at 5.
///
///

---

[4]   The Court obtained this date from the California Courts website. Appellate Courts Case Information, 4th Appellate Division District Division 2, Docket (Register of Actions), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=2119836&doc_no=E064390.

[5]   The Court obtained this date from the California Courts website. Appellate Courts Case Information, Supreme Court, Docket (Register of Actions), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2123091&doc_no=S229978.

[6]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on January 8, 2016. Dkt. 1 at 6. Thus, the Court deems January 8, 2016 the Petition's filing date. See Roberts, 627 F.3d at 770 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-78-CAS (KK) | Date | January 19, 2016 |
|---|---|---|---|
| Title | Ray Anthony Butler v. Stu Sherman | | |

## III.
## DISCUSSION

**A.   THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Id. at 6. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court. Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on June 19, 2001, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on March 21, 2001. See Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, June 20, 2001, and expired on June 20, 2002. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not constructively file the Petition until January 8, 2016. Dkt. 1 at 6. Therefore, applying Section 2244(d)(1), the Court deems the Petition untimely by over thirteen years absent tolling. See Thompson, 681 F.3d at 1093.

**B.   STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). However, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-78-CAS (KK) | Date | January 19, 2016 |
|---|---|---|---|
| Title | Ray Anthony Butler v. Stu Sherman | | |

Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year limitations period commenced on June 20, 2001. See 28 U.S.C. § 2244(d)(1). Following the commencement of the limitations period, Petitioner filed subsequent state court actions seeking post-conviction or other collateral review on September 21, 2006, July 30, 2007, March 25, 2015, and September 11, 2015.[7] See 28 U.S.C. § 2244(d)(2). However, the limitations period ended on June 20, 2002, before Petitioner filed those state habeas petitions. See id. Thus, Section 2244(d)(2) does not permit reinitiation of the limitations period. See Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely. See id.

**C.   EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. See Bills, 628 F.3d at 1097.
///

---

[7] Petitioner filed his first state habeas petition on December 14, 2000, prior to the commencement of the limitations period, which did not toll or otherwise affect the limitations period. See 28 U.S.C. § 2244(d)(1) (stating the limitations period commences the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-78-CAS (KK) | Date | January 19, 2016 |
|---|---|---|---|
| Title | Ray Anthony Butler v. Stu Sherman | | |

# IV.
# ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than February 9, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**