O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY ANTHONY BUTLER,<br><br>                    Petitioner,<br><br>            v.<br><br>STU SHERMAN, Warden,<br><br>                    Respondent. | Case No. EDCV 16-78-CAS (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION |

## I.
## INTRODUCTION

Petitioner Ray Anthony Butler ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254 ("Petition"). However, the Petition is successive and untimely. Thus, as discussed below, the Court summarily dismisses the Petition.

## II.
## BACKGROUND

**A.    STATE COURT PROCEEDINGS**

On June 18, 1999, in the Superior Court of California for the County of Riverside, Petitioner was convicted of "[p]etty [t]heft with a prior, three strikes"

in violation of California Penal Code sections 666 and 667.5. ECF Docket No. ("Dkt.") 1, Pet. at 2.[1] On July 16, 1999, Petitioner was sentenced to a term of twenty-five years to life in prison. Id.

On May 31, 2000,[2] Petitioner appealed his conviction. Id. On December 8, 2000, the California Court of Appeal affirmed Petitioner's conviction. Id. at 3.

On December 14, 2000, Petitioner filed his first state habeas petition in the California Court of Appeal. Appellate Courts Case Information, Docket (Mar. 23, 2016, 9:30 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=661630&doc_no=E028527. On January 5, 2001, the California Court of Appeal denied the petition. Id.

On January 16, 2001,[3] Petitioner filed a petition for review in the California Supreme Court. Dkt. 1 at 3. On March 21, 2001, the California Supreme Court denied the petition. Id.

On September 21, 2006, Petitioner filed his second state habeas petition in the California Court of Appeal. Appellate Courts Case Information, Docket (Mar. 23, 2016, 9:36 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=674467&doc_no=E041366. On September 29, 2006, the California Court of Appeal denied the petition. Id.

On July 30, 2007, Petitioner filed his third state habeas petition in the California Court of Appeal. Id. at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=735732&doc_no=E043673. On August 8, 2007, the California Court of Appeal denied the petition. Id.

---

[1] The Court refers to Petitioner's pleadings as if Petitioner consecutively numbered them.

[2] The Court obtained this date from the California Courts website. Appellate Courts Case Information, Docket (Mar. 23, 2016, 9:34 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=658876&doc_no=E025772.

[3] The Court obtained this date from the California Courts website. Id. at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1826171&doc_no=S094492.

1       On March 25, 2015, Petitioner filed his fourth state habeas petition in the
2  Superior Court of California for the County of Riverside. Dkt. 1 at 3. On August 4,
3  2015, the Superior Court of California for the County of Riverside denied the
4  petition. Id. at 4.

5       On September 11, 2015,[4] Petitioner filed his fifth state habeas petition in the
6  California Court of Appeal. Id. On September 17, 2015, the California Court of
7  Appeal denied the petition. Id.; Dkt. 1-1 at 39.

8       On October 16, 2015,[5] Petitioner filed his sixth state habeas petition in the
9  California Supreme Court. Dkt. 1 at 4. On November 18, 2015, the California
10 Supreme Court denied the petition. Id. at 5, 29.

11 **B.    FEDERAL COURT PROCEEDINGS**

12      On January 28, 2002, Petitioner filed a Petition for Writ of Habeas Corpus
13 by a Person in State Custody pursuant to Title 28 of the United States Code,
14 section 2254 ("2002 Petition") challenging his 1999 conviction and sentence.[6]
15 See EDCV 02-73-GAF (MLG) (C.D. Cal. filed Jan. 28, 2002). The 2002 Petition
16 raised two claims: (1) California Penal Code section 666 violated the Double
17 Jeopardy Clause of the Fifth Amendment; and (2) Petitioner's sentence of twenty-
18 five years to life for misdemeanor conduct was cruel and unusual punishment in
19 violation of the Eighth Amendment. Id. at Dkt. 25, Jul. 31, 2002 R & R. On
20 September 5, 2002, the court entered judgment granting habeas relief on the
21 ground Petitioner's twenty-five years to life sentence for petty theft with a prior
22 constituted cruel and unusual punishment in violation of the Eighth Amendment.

---

[4] The Court obtained this date from the California Courts website. Appellate Courts Case Information, Docket (Mar. 23, 2016, 9:37 AM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=2119836&doc_no=E064390.

[5] The Court obtained this date from the California Courts website. Id. at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2123091&doc_no=S229978.

[6] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Case 5:16-cv-00078-CAS-KK Document 10 Filed 03/28/16 Page 4 of 8 Page ID #:188

Id. at Dkt. 28, Sept. 5, 2002 Judgment & Order. On December 15, 2003, the Ninth Circuit reversed the judgment granting relief in light of Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1172-75, 155 L. Ed. 2d 144 (2003) and Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003). Butler v. Hernandez, 83 F. App'x 219, 220 (9th Cir. 2003) (unpublished mem.).

On January 8, 2016, Petitioner constructively filed[7] the instant Petition challenging his 1999 conviction and sentence. See Dkt. 1. The Petition raises two claims: (1) "The trial court acted in excess of its Jurisdiction by imposing an unauthorized sentence in violating [P]etitioner's Due Process under the 5th and 14th amendment[s];" and (2) "The trial counsel committed Ineffective Assistance of counsel violating [P]etitioner's 6th and 8th amendment Right[s]." Id. at 5.

On January 19, 2016, the Court issued an Order to Show Cause ("OSC") Why This Action Should Not Be Dismissed as Untimely. See Dkt. 5, OSC. On March 9, 2016, Petitioner filed a Response. See Dkt. 9, Response.

### III.
### DISCUSSION

**A. THE PETITION IS SUBJECT TO DISMISSAL AS A SUCCESSIVE PETITION**

"A claim presented in a . . . successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody

---

[7] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on January 8, 2016. Dkt. 1 at 6. Thus, the Court deems January 8, 2016 the Petition's filing date.

4

> pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).

Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. Id.; 28 U.S.C. § 2244(b)(2).

Here, the instant Petition is successive. Like his 2002 Petition, Petitioner's instant Petition challenges his 1999 conviction and sentence. See Dkt. 1. While the instant Petition is based on new claims, the Court lacks jurisdiction to consider the claims because Petitioner has not alleged or shown that he sought and obtained permission from the Ninth Circuit to file a successive habeas petition in this Court to raise any new claims. See Burton, 549 U.S. at 152-53. Accordingly, AEDPA bars this Court from entertaining the successive Petition. See 28 U.S.C. § 2244(b)(1).

**B.     ALTERNATIVELY, THE PETITION IS SUBJECT TO DISMISSAL AS AN UNTIMELY PETITION**

  **(1) THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1 at 6. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets

5

1  a one-year limitations period in which a state prisoner must file a federal habeas
2  corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation
3  omitted). Ordinarily, the limitations period runs from the date on which the
4  prisoner's judgment of conviction "became final by the conclusion of direct review
5  or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).
6  "When, on direct appeal, review is sought in the state's highest court but no
7  petition for certiorari to the United States Supreme Court is filed, direct review is
8  considered to be final when the certiorari petition would have been due, which is
9  ninety days after the decision of the state's highest court. Porter v. Ollison, 620
10 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

      Here, Petitioner's conviction became final on June 19, 2001, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on March 21, 2001. See Porter, 620 F.3d at 958-59. AEDPA's one-year limitations period commenced the next day, June 20, 2001, and expired on June 20, 2002. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not constructively file the instant Petition until January 8, 2016. Dkt. 1 at 6. Therefore, the Court deems the Petition untimely by over thirteen years absent tolling. See Thompson, 681 F.3d at 1093.

      **(2)   STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

      "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). However, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). In addition, an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d

251 (2001). Section 2244(d)(2) therefore does not toll the AEDPA limitation period during the pendency of a petitioner's federal habeas petition. Id.

Here, AEDPA's one-year limitations period commenced on June 20, 2001. See 28 U.S.C. § 2244(d)(1). Petitioner filed subsequent state court actions seeking post-conviction or other collateral review on September 21, 2006, July 30, 2007, March 25, 2015, September 11, 2015, and October 16, 2015.[8] See Dkt. 1; Dkt. 9. However, the limitations period ended on June 20, 2002, years before Petitioner filed those state habeas petitions. See id. Thus, Section 2244(d)(2) does not permit reinitiation of the limitations period for Petitioner's state habeas petitions. See Ferguson, 321 F.3d at 823. In addition, Petitioner's 2002 Petition filed in this Court was not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Thus, Section 2244(d)(2) therefore does not permit tolling during the pendency of a Petitioner's prior federal habeas petitions. See Duncan, 533 U.S. at 181-82. Therefore, statutory tolling does not render the Petition timely. See Nedds, 678 F.3d at 780.

**(3) EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a

---

[8] Petitioner filed his first state habeas petition on December 14, 2000, prior to the commencement of the limitations period, which did not toll or otherwise affect the limitations period. See 28 U.S.C. § 2244(d)(1) (stating the limitations period commences the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review").

1 heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions
2 swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal
3 citation and quotation marks omitted).
4     Here, Petitioner does not claim entitlement to equitable tolling and the
5 Court has not found any basis to support such a claim. Thus, equitable tolling does
6 not render the Petition timely. See Bills, 628 F.3d at 1097.

## IV.
## ORDER

9     Thus, it is ORDERED that Judgment be entered summarily dismissing the
10 Petition.

12 Dated: March 28, 2016

HONORABLE CHRISTINA A. SNYDER
United States District Judge

15 Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge